Valerie Garcia Hong, Esq. (CA SBN 239755)
Mark A. Simpliciano, Esq. (CA SBN 331516)
GARCIA HONG LAW APC
10680 Treena Street, Suite 160
San Diego, CA 92131
Tel. 858-255-0163
Fax. 858-724-1438
Email:  valerie@garciahonglaw.com
        mark@garciahonglaw.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHUFELDT, M.D., <br><br> Plaintiff, <br><br> v. <br><br> BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C., <br><br> Defendant. | Case No. **'22CV1900 AJB BGS** <br><br> MISCELLANEOUS PROCEEDING <br><br> PLAINTIFF JOHN SHUFELDT, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO QUASH OR MODIFY DEFENDANT'S DEPOSITION SUBPOENA SERVED ON NONPARTY ROBBINS, LLP <br><br> ANCILLARY JURISDICTION FROM U.S. DISTRICT FOR M.D. TENN. CASE NO. 3:17-cv-01078 |

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), Plaintiff JOHN SHUFELDT, M.D. ("Dr. Shufeldt") moves this Court to quash or modify Defendant law firm BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.'s ("Baker Donelson") Deposition Subpoena, which is attached as Exhibit 1 ("Subpoena"), and was served on non-party law firm Robbins, LLP ("Robbins"), with its principal place of business in the County of San Diego, California and to be deposed in San Diego, California. Dr. Shufeldt filed a legal malpractice action against his former

**TABLE OF CONTENTS**

I. INTRODUCTION ………………………………………………………2

II. JURISDICTION BY THE SOUTHERN DISTRICT OF THE
    SUBPOENA……………...………………………………………………..3

III. RELIEF REQUESTED…………………………………………………4

IV. ARGUMENT……………………………………………………………6

   A. The Deposition of Dr. Shufeldt's Former Counsel should not Proceed Pursuant to the *Shelton* Rule……………………………………………..7

     1. Baker Donelson has Other Means to Obtain the Information Sought…………………………………………………………..8

     2. The Topics Baker Donelson Seeks Are Neither Relevant nor Non-Privileged…………………………………………………………..9

       a. Attorney-Client Privilege…………………………………….10

       b. The Arizona Mediation Privilege……………………………10

       c. Protected Work Product Materials……………………………11

     3. The Sought Testimony is not Crucial to the Subject Action……..12

   B. The Subpoena Should be Quashed or Modified pursuant to FRCP 45(d)(3)(iii)…………………………………………………………13

V. CONCLUSION ………………………………………………………..13

# **CASES**

*Am. Cas. Co. of Reading, Pa. v. Krieger*
160 F.R.D. 582, 585 (S.D. Cal. 1995)…………………………………………………8

*American Civil Liberties Union of Northern California v. United States Department of Justice*
880 F.3d 473 (9th Cir. 2018)……………………………………………………11,13

*Department of Interior v. Klamath Water Users Protective Ass'n*
532 U.S. 1, 8 (2001)………………………………………………………………….11

*Fireman's Fund Insurance Co., v. Superior Court*
72 Cal. App. 3d 786 (1977)…………………………………………………………..7

*Fisher v. United States*
425 U.S. 391…………………………………………………………………………10

*Grubaugh v. Blomo ex rel. County of Maricopa*
359 P.3d 1008, 1011 (Ariz. Ct. App. 2015)………………………………………….10

*Hickman v. Taylor*
329 U.S. 495 (1947)……………………………………………………………….6,7

*Salvation Army v. Bryson*
229 Ariz. 204, 207-208 (2012)………………………………………………………11

*Shelton v. American Motors Corp.*
805 F.2d 1323 (8th Cir. 1986)……………………………………………………..7,8

*State ex. rel. Hyder v. Superior Court of Maricopa County*
128 Ariz. 253, 255 (1981)……………………………………………………………10

*State ex rel. Willey v. Whitman*
91 Ariz. 120, 125 (1962)……………………………………………………………..11

*Stevens v. Corelogic, Inc.*
2015 WL 8492501 at *2 (S.D. Cal. Dec. 10, 2015)…………………………………8

*Townsend v. Imperial Cty.*
2014 WL 2090689 at *2 (S.D. Cal. May 19, 2014)…………………………………8

*United States v. Nobles*
422 U.S. 225 ……………………………………………………………………………11

## **STATUTES**

Fed. R. Civ. P. 26(b)(3)…………………………………………………………………..11

Fed. R. Civ. P. 30(a)………………………………………………………………………7

Fed. R. Civ. P. 45, subd. (d)(3)……………………………………………………………4

Fed. R. Civ. P. 45(d)(3)(A)(iii)………………………………………………………7,13

lawyers, Baker Donelson, in the U.S. District Court for the Middle District of Tennessee, Case No. 3:17-cv-01078 ("Subject Action"). Throughout the litigation of this matter, Baker Donelson has continually attempted to obtain documents and communications from Robbins, Dr. Shufeldt's subsequent lawyers in the underlying action. As such, the instant Subpoena seeking Robbins' testimony is another one of Baker Donelson's ploys to seek information and matters concerning confidential and privileged communications and attorney work product.

Tellingly, the deposition of Dr. Shufeldt's prior counsel is generally disfavored by courts, and have been analyzed under a three-prong test, which Baker Donelson must meet. As discussed in details below, Baker Donelson does not meet its burden to depose Robbins and thus the deposition should not go forward. Furthermore, Robbins is not a party in this matter. Dr. Shufeldt moves to quash or modify the Subpoena because Baker Donelson improperly seeks disclosure of privileged communications between Dr. Shufeldt and Robbins, as well as information concerning Robbins' evaluations and protected work product from the underlying action. As such, based on the foregoing principles below, Dr. Shufeldt moves to quash or modify Baker Donelson's Subpoena.

## I.   INTRODUCTION

Dr. Shufeldt is the founder of NextCare, Inc., and the former CEO of NextCare Holdings, Inc. (collectively, NextCare). Dr. Shufeldt is a citizen of Arizona, where he practices as an emergency room physician. Dr. Shufeldt brought his legal malpractice action against Baker Donelson in the U.S. District Court for the Middle District of Tennessee. The Subject Action arises out of Baker Donelson's failure to exercise ordinary skill and diligence in representing Dr. Shufeldt with respect to potential claims he had against NextCare.

In October, 2010, Dr. Shufeldt resigned from NextCare and the company immediately embarked upon a series of financial transactions that resulted in an

extreme dilution of Dr. Shufeldt's ownership interests. In February, 2013, Dr. Shufeldt retained attorneys in Baker Donelson's Birmingham, Alabama, office to obtain corporate documents from NextCare and investigate potential breach of fiduciary duty claims against it. Baker Donelson never obtained any corporate documents from NextCare. Baker Donelson did not inform Dr. Shufeldt that his breach of fiduciary duty claims against NextCare were subject to a three-year statute of limitation until October, 2014.

Dr. Shufeldt ultimately hired Robbins as replacement counsel in 2015. Robbins filed suit for Dr. Shufeldt against NextCare in the Superior Court of Arizona, Maricopa County. NextCare asserted that Dr. Shufeldt's claims were time-barred and sought an immediate dismissal of the action. Dr. Shufeldt, represented by Robbins, settled his case against NextCare for a fraction of his actual damages and has brought the Subject Action against Baker Donelson to recover the damages caused by its negligence. The litigation in the underlying action against NextCare was subject to a protective order, namely the confidentiality of documents and the destruction and/or return of documents by Robbins to NextCare.

## II.    JURISDICTION BY THE SOUTHERN DISTRICT OF THE SUBPOENA

Baker Donelson issued the instant Subpoena on October 25, 2022 to Robbins, a San Diego law partnership, to appear for testimony set for December 1, 2022 at Esquire Deposition Services, 402 West Broadway, Suite 750 San Diego, California 92101. (Declaration of Valerie Garcia Hong ["Hong Dec."] at ¶ 2.) The Subpoena was served on Robbins on November 4, 2022 (*Id.*) but Baker Donelson did not give notice of the deposition to Dr. Shufeldt until November 7, 2022. *Id.* at ¶ 3. Robbins served their objections to Baker Donelson on November 15, 2022. *Id.* at ¶ 4. Since then, Robbins and Baker Donelson have conferred on the issues of privilege and has now mutually agreed to continue the deposition to a date to be

determined. *Id.* at ¶ 5.

Nevertheless, based on Robbins' business location, Robbins is outside the jurisdiction of the Middle District of Tennessee. As such, Dr. Shufeldt brings this motion in the Southern District of California based on where the deposition is set to take place in San Diego, California. See Fed. R. Civ. P. 45, subd. (d)(3) ("On timely motion, the court for the *district where compliance is required* must quash or modify a subpoena…") (emphasis added).

### III.   RELIEF REQUESTED

Due to the deposition of Dr. Shufeldt's prior counsel, the Subpoena should be quashed. Alternatively, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), Dr. Shufeldt seeks an Order to quash and/or modify the following categories in the Subpoena based on the following grounds:

1. *The preparation and filing of Dr. Shufeldt's Complaint filed in the Arizona Action, a true and correct copy of which is attached hereto as Exhibit A.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations, impressions and preparation for litigation.

2. *Any and all factual and legal research conducted by Robbins concerning the allegations and counts asserted in Dr. Shufeldt's Complaint in the Arizona Action.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations, impressions and preparation for litigation.

3. *The preparation and filing of Dr. Shufeldt's "Plaintiff's Opposition to Defendants' Motion to Dismiss" in the Arizona Action, a true and correct copy of which is attached hereto as Exhibit B.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations, impressions and

preparation for litigation.

4. *Oral argument on defendants' motion to dismiss in the Arizona Action on or about March 9, 2016, a true and correct copy of the transcript of which is attached hereto as Exhibit C.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations, impressions and preparation for litigation.

5. *Communications between Dr. Shufeldt and Robbins regarding calculations of the damages Dr. Shufeldt allegedly suffered related to the Arizona Action.[1]*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations and impressions of the matter, and invokes expert consulting and mediation privileges.

6. *Communications between Dr. Shufeldt and Robbins regarding's Dr. Shufeldt's efforts to mitigate the damages he allegedly suffered related to the Arizona Action.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations and impressions of the matter, and invokes expert consulting and mediation privileges.

7. *Communications between Dr. Shufeldt and Robbins regarding settlement of the Arizona Action.*

This topic improperly seeks privileged attorney-client communications and work product materials, including and the attorneys' evaluations and impressions of the matter, and invokes expert consulting and mediation privileges.

8. *Communications between Dr. Shufeldt and Robbins regarding the accrual of the statute of limitations applicable to Dr. Shufeldt's claims asserted in the Arizona*

---

[1] Per Baker Donelson's Subpoena the topics "will be conducted pursuant to the Court's Order dated January 7, 2022 entered in Case No. 3:20-cv-0819-JAH-AGS, a true and correct copy of which is attached hereto as Exhibit D."

1  *Action.*

2  This topic improperly seeks privileged attorney-client communications and
3  work product materials, including and the attorneys' evaluations and impressions of
4  the matter, and invokes expert consulting and mediation privileges.

5  9. *The circumstances surrounding, timing of, reasons for, and representatives*
6  *involved in Robbins' destruction and/or deletion of any documents related to the*
7  *Arizona Action.*

8  This topic improperly seeks privileged attorney-client communications and
9  work product materials, including and the attorneys' evaluations and impressions of
10  the matter, and invokes expert consulting and mediation privileges.

### IV.   ARGUMENT

12  The Subpoena must be quashed or modified for several reasons. First, as a
13  procedural matter, the Subpoena does not comply with the Middle District of
14  Tennessee Local Rule 45.019(c), which requires "a notice of deposition" to be
15  served under Fed. R. Civ. P. 30 "prior to the service of any subpoena of the
16  deponent." M.D. Tenn. LR 45.01(c). Baker Donelson issued the Subpoena on
17  October 25, 2022, and served Robbins on November 4, 2022, however it was not
18  until November 7th until Dr. Shufeldt and his current counsel received notice of the
19  Subpoena. Hong Dec. at ¶ 3. As such, the Subpoena fails to comply with the rules
20  of the Court in which the litigation is pending.

21  Second, the deposition seeking testimony of Dr. Shufeldt's prior counsel, in
22  an underlying action, should not take place, without Baker Donelson sufficiently
23  establishing the compelling need to depose Robbins. While depositions under Fed.
24  R. Civ. P. 30(1)(1) have no express prohibition on the depositions of an attorney of
25  record in a case, the Supreme Court has suggested that such practices are generally
26  discouraged due to the risk of forcing attorneys to testify, which may have a
27  negative effect on the legal profession and litigation process. See *Hickman v.*

28

*Taylor*, 329 U.S. 495, 510-512 (1947); see also *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).

Third, even if the subpoenaed deposition of Robbins counsel was to proceed, the sought testimony and requested topics still risk the disclosure of privileged and protected material. See Fed. R. Civ. P. 45, subd. (d)(3)(A)(iii).  As discussed further below, the Subpoena seeks testimony of topics that both invoke the attorney-client and attorney work product privileges, as well as mediation privileges, without the applicability of any waiver or exception.

Lastly, in the alternative, the Subpoena should be greatly limited to this Court's prior Order dated January 7, 2022, which was entered in the Case numbered 3:20-cv-0819-JAH-AGS and adopted by the Middle District Court of Tennessee, where the Subject Action is currently pending . (Dkt. No. 43). As discussed further below, this Court has partially granted Dr. Shufeldt's previous Motion to Quash Baker Donelson's Subpoena for documents concerning Robbins' documents relevant in the underlying action, specifically those covered under the mediation privilege. (Dkt. No. 43.)

**A. The Deposition of Dr. Shufeldt's Former Counsel should not Proceed Pursuant to the *Shelton* Rule.**

As noted above, the Federal Rules of Civil Procedure "do not specifically prohibit the taking of opposing counsel's deposition. *Shelton*, 805 F.2d at 1327; see Fed. R. Civ. P. 30(a). Nevertheless, while there is no absolute immunity for an attorney's deposition, it has been recognized that "circumstances should be limited to where the party seeking to take the disposition has shown that (1) no other means exists to obtain the information that to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, *supra* at 1327; see *Fireman's Fund Insurance Co., v. Superior Court*, 72 Cal. App. 3d 786 (1977).

While the Ninth Circuit has not published an opinion recognizing the "*Shelton* Rule," "courts in this district and elsewhere in the Ninth Circuit recognize[s] *Shelton* as the leading case on attorney depositions and follows the three-factor test laid out" in *Shelton*. *Stevens v. Corelogic, Inc.*, 2015 WL 8492501 at *2 (S.D. Cal. Dec. 10, 2015); see e.g., *Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995); see also, *Townsend v. Imperial Cty.,* 2014 WL 2090689 at *2 (S.D. Cal. May 19, 2014). Based on *Shelton*, Baker Donelson may proceed with deposing Robbins only if it can establish the requirements under the three-prong test. As discussed below, Baker Donelson cannot meet these requirements.

**1. Baker Donelson has Other Means to Obtain the Information Sought**.

In applying the first factor of the *Shelton* Rule, Baker Donelson may take the deposition of the Robbins counsel only if it can establish that there are no other means to obtain the information it seeks than to depose counsel. *Kreiger*, 60 F.R.D. at 589.

Here, Baker Donelson has had previous opportunities to obtain the requested topics and communications sought in the instant Subpoena. First, Dr. Shufeldt has provided Baker Donelson expert witness reports and other evaluations of his damages from the underlying action. Through the course of discovery Dr. Shufeldt and his counsel has produced documents pertaining to Dr. Shufeldt's damages. For instance, Dr. Shufeldt produced to Baker Donelson the April 15, 2016 demand letter from Robbins to NextCare's defense counsel containing their damage calculations for Dr. Shufeldt's claims. Hong Dec. at ¶ 6. Further, Dr. Shufeldt also provided Baker Donelson on June 14, 2019, his counsel's damages expert report, Lynon Kotzin. *Id.* at. ¶ 7. As such, Baker Donelson already holds certain information concerning Dr. Shufeldt's damages, even without the need of deposing Robbins and risk invoking the attorney-client privileges. Nevertheless, while Baker

1  Donelson may contend that the expert report would not reveal testimony concerning
2  the sought communications between Robbins and Dr. Shufeldt of his damages, such
3  communications remain privileged under the attorney-client and mediation
4  privileges as discussed below.

5  Second, Baker Donelson deposed Dr. Shufeldt over three days during the
6  Subject Action, which occurred on June 16, 17, and 21, 2022. Hong Dec. at ¶ 8.
7  During these depositions, Baker Donelson had the opportunity to obtain the
8  information it now seeks in the Subpoena by asking Dr. Shufeldt of the discussions
9  he had with Robbins concerning topics like Robbins' preparation and overall
10 settlement of the underlying action and Dr. Shufeldt's knowledge of Robbins'
11 destruction of documents in the underlying case pursuant to the parties Confidential
12 Protective Order. Further, in Dr. Shufeldt's June 17, 2022 deposition, Dr. Shufeldt
13 had already testified details regarding his discussions with other attorneys relating
14 to his statute of limitations in the underlying action. *Id.* (Shufeldt Depo. Vol. II at
15 pp 395:6-402:25).

16 Regardless, under the first-prong of the *Shelton* Test, Baker Donelson is not
17 narrowly limited to obtained the sought testimony by only deposing Robbins. As it
18 has already done so, Baker Donelson can attempt to obtain the following
19 information throughout other means of discovery, such as deposing the plaintiff and
20 other parties in this matter and propounding written discovery. Whether or not it
21 can permissibly obtain the sought privileged and protected information does not
22 matter for the purposes under *Shelton* Rule and this first prong.

23 **2. The Topics Baker Donelson Seeks Are Neither Relevant nor Non-
24    Privileged.**

25 The Subject Action against Baker Donelson brings to issue Baker Donelson's
26 negligent advice and conduct during its representation of Dr. Shufeldt, primarily its
27 failure to bring a timely action within the statute of limitations. No one from
28

Robbins has been identified as a potential witness in Dr. Shufeldt's Initial Disclosures. Accordingly, topics concerning Robbins' preparation of the underlying action, the discussions between Robbins and Dr. Shufeldt concerning his damages, and mediation communications are inherently irrelevant to the issues directly at issue in this instant action.

Further, the topics Baker Donelson seeks Robbins to testify on topics that invoke the attorney-client, attorney work product, and mediation privileges.

### a. Attorney-Client Privilege:

A.R.S. § 12–2234 codifies the attorney-client privilege in Arizona and reads in pertinent part as follows: "In a civil action an attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment." "The attorney-client privilege prevents a lawyer from being compelled to produce a document of a client which pre-exists the attorney-client relationship if the document was transferred to the attorney to further his legal advice and if the client himself would be privileged from producing the document." *State ex. rel. Hyder v. Superior Court of Maricopa County,* 128 Ariz. 253, 255 (1981); *Fisher v. United States*, 425 U.S. 391, 403-405.

### b. The Arizona Mediation Privilege

Further, this Court already has ruled the communications Baker Donelson seeks between Robbins and Dr. Shufeldt, specifically requested in Topics Nos. 5 through 8 that were exchanged in the context of the parties' mediation are absolutely privileged under Arizona law absent agreement of the parties. See Dkt no. 161-1, citing A.R.S. § 12-2238. The Arizona Court of Appeals has interpreted this statute as providing "a broad screen of protection that renders confidential all communications ... made as part of the mediation process." *Grubaugh v. Blomo ex rel. County of Maricopa*, 359 P.3d 1008, 1011 (Ariz. Ct. App. 2015). The privilege

is meant to "encourage candor with the mediator throughout the mediation proceedings by alleviating parties' fears that what they disclose in mediation may be used against them in the future." *Id*. at 1012.

### c. Protected Work Product Materials

The work product materials generated by in the course of its representation of Dr. Shufeldt are specifically protected from discovery by Fed. R. Civ. P. 26(b)(3) and (4). See *State ex rel. Willey v. Whitman*, 91 Ariz. 120, 125 (1962). Such work product includes the attorneys' "mental impressions, conclusions, opinion, or legal theories" in preparation of litigating the underlying action. See Fed. R. Civ. P. 26(b)(3); *American Civil Liberties Union of Northern California v. United States Department of Justice,* 880 F.3d 473, 483 (9th Cir. 2018) (quoting *Hickman,* 329 U.S. at 495). "[T]he discovery rules are to be liberally construed but must not go so far as to invade the privacy of an attorney in his preparation for trial." *Id*. Under Rule 26(b)(3), disclosure of an attorney's trial preparation materials is required "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of materials by other means." *Salvation Army v. Bryson*, 229 Ariz. 204, 207-208 (2012); *Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) ("Work product protects 'mental process of the attorney.'") (quoting *United States v. Nobles*, 422 U.S. 225, 238).

Here, the Subpoena seeks Robbins' testimony regarding their preparation of the underlying action, including any legal research, evaluations, impressions, and drafting Dr. Shufeldt's complaint and related motions. Based on the principles above, such testimony certainly invokes the attorneys' work product, mental processes and invades the privacy of Dr. Shufeldt's attorney to litigate the underlying action. It is highly unlikely that Baker Donelson can establish that it has

a substantial need to obtain Robbins' work product and evaluation of the case as a defense of the Subject Action. Once again, the crux of Dr. Shufeldt's claims are based on Baker Donelson's advice and counsel regarding his potential claims against NextCare and Baker Donelson's failure to bring suit in a timely manner. Robbins' subsequent conduct and representation is not material to Baker Donelson's defense. Where Robbins' representation has not been put at issue, its work product is not relevant.

Based on the foregoing, Baker Donelson would likely not be able to meet its burden under the second prong by failing to establish how the sought deposition of Robbins and the suggested topics would be relevant and nonprivileged.

### 3. The Sought Testimony is not Crucial to the Subject Action.

As discussed above, Dr. Shufeldt's communications with Robbins and Robbins' evaluations and work product in the underlying action is not at issue in the Subject Action. Despite Baker Donelson's continued efforts to obtain information relating to Robbins' from the underlying action, Baker Donelson has yet to explain a compelling need for the sought information and testimony it seeks in the Subpoena.

As stated, the instant action is based on Dr. Shufeldt's claims that Baker Donelson negligently represented him due to the passing of the statute of limitations in the underlying action. It is unlikely that the sought testimony from Robbins' will be of much benefit, if any, to Baker Donelson's defense here. Nevertheless, it is Baker Donelson who has the burden to prove otherwise, which it has yet to establish.

Based on the foregoing, it is doubtful that Baker Donelson can meet is burden based on the *Shelton* Rule to proceed with the deposition of Dr. Shufeldt's former counsel, Robbins. As such, this Court should quash the Subpoena and grant Dr. Shufeldt's motion.

### B. The Subpoena Should be Quashed or Modified pursuant to FRCP 45(d)(3)(iii)

Alternatively, the Subpoena should be quashed or modified pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii). As mentioned above, the Federal Rules of Civil Procedure provides that upon timely motion, the "court for the district court where compliance is required must quash or modify a subpoena that…requires the disclosure of privilege or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Here, as discussed in details above, the Subpoena seeks 9 topics that invokes the attorney-client and attorney work product privileges, as well as the mediation privileges, as recognized by this Court. Specifically, Topic Nos. 1 through 4 and 9, seek Robbins' testimony concerning its evaluations, legal research, work product, and preparation in the underlying action. Given the principles above, these topics heavily invoke the Robbins counsel's "mental impressions, conclusions, opinion, or legal theories" in preparation of litigating the underlying action. *American Civil Liberties Union of Northern California,* 880 at 483.

Additionally, the deposition Topic Nos. 5 through 8 invoke the attorney-client and mediation privileges for the reasons discussed above. Tellingly, Baker Donelson's sought testimony of the communications between Dr. Shufeldt and Robbins are privileged and confidential. In regards to the Court's finding of Dr. Shufeldt's implied waiver concerning his discussions of the damages and mitigation of damages, and the statute of limitations, pursuant to the mediation privilege, such topics should be modified and narrowly limited to discussions made outside the mediation as previously ordered by this Court.

### V. CONCLUSION

Based on the foregoing, Dr. Shufeldt's motion should be granted and the entire subpoena for Robbins deposition should be quashed. Alternatively, the

Subpoena should be modified and Topics Nos. 1 through 9 should be narrowly modified to prevent any disclosure of privilege based on this Court's previous Order.

**GARCIA HONG LAW**

Dated: December 1, 2022   By:   /s/ Valerie Garcia Hong, Esq.
Valerie Garcia Hong, Esq.
Mark A. Simpliciano, Esq.
Attorney for Plaintiff
**JOHN SHUFELDT, M.D.**

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2022 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark W. Lenihan
W. Scott Sims
Robert A. Peal
D. Gil Schuette
SIMS|FUNK PLC
3322 West End Avenue, Suite 200
Nashville, TN 37203
(615) 292-9335
mlenihan@simsfunk.com
ssims@simsfunk.com
rpeal@simsfunk.com
gschuette@simsfunk.com
Attorneys for Defendant
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.

And I hereby certify that I will email and mail the document by U.S. mail to the following recipients above as a courtesy copy, as well as the following non-filing users and interested parties:

Jenny Dixon
Dixon Williams LLP
5080 Shoreham Pl., Ste. 200
San Diego, CA 92122

Dated:  June 15, 2020    By:        /s/ Valerie Garcia Hong, Esq.
                                    Valerie Garcia Hong, Esq.
                                    California State Bar Number 239755
                                    Attorney for Plaintiff JOHN SHUFELDT, M.D.
                                    Garcia Hong Law APC
                                    600 B Street, Suite 2250
                                    San Diego, CA 92101
                                    Tel. 858-255-0163
                                    Fax. 858-724-1438
                                    valerie@garciahonglaw.com